# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROBERT KOLLER,                )
                              )
       Plaintiff,         )
                              )
vs.                           )    Case No. 15-cv-673-TLW
                              )
NANCY A. BERRYHILL,[1]        )
Acting Commissioner of Social Security,   )
                              )
       Defendant.         )

## OPINION AND ORDER

Before the Court is plaintiff's Motion to Reconsider the Opinion and Order Affirming the Commissioner's Denial. (Dkt. 27). Plaintiff requests that the Court reconsider its analysis of Dr. Garner's opinion that plaintiff have limited contact with coworkers and supervisors. Id. Plaintiff contends that the Court failed to consider this limitation, focusing only on the limitation on contact with the public. Id.

The Commissioner filed a response, arguing that plaintiff's motion is an improper motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). (Dkt. 28). The Commissioner contends that plaintiff is re-arguing an issue raised in her brief. Id.

Plaintiff does not cite Federal Rule of Civil Procedure 59(e), but the Court treats this motion as a motion to amend or alter judgment. Under Rule 59(e), the three grounds for granting a motion to reconsider are "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark Corp. v. Samson

---

[1] Effective January 23, 2017, Nancy A. Berryhill has replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration and should be substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)). Plaintiff's argument is based on an assertion of clear error.

The Court did not specifically address whether the ALJ's findings were consistent with a limitation on superficial contact with co-workers and supervisors because the ALJ included that limitation in his residual functional capacity findings that plaintiff could "interact with co-workers and supervisors, under routine supervision." (R. 20). In weighing Dr. Garner's opinion, the ALJ further explained that "[t]he claimant's residual functional capacity does limit his interaction with co-workers and supervisors, so that this would be done under routine supervision consistent with Dr. Garner's medial opinion." (R. 30). Plaintiff contends that the phrase "under routine supervision" is not sufficient to signal limited contact. (Dkt. 27). Plaintiff fails to cite any case law to support his argument.

Even if plaintiff is correct that the ALJ should specifically have stated that contact with co-workers and supervisors should be limited, the Court's analysis of the ALJ's step five findings, which would support a finding of limited contact with the public, is also applicable to a limitation on contact with co-workers and supervisors. See Lane v. Colvin, 643 F. App'x 766, 770 n.1 (10th Cir. 2016) (unpublished)[2] (holding that when the fifth digit of a DOT code is 8, the job "is consistent with superficial contact with supervisors and co-workers"). Accordingly, any error in interpreting the ALJ's decision is harmless error.

Plaintiff's argument does not raise any error that would qualify as a clear error of law or fact. Plaintiff simply disagrees with the Court's analysis.

---

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider is **DENIED**.

SO ORDERED this 16th day of April, 2017.

T. Lane Wilson
United States Magistrate Judge